Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 1, 2010, which granted defendant’s motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff’s contention that its April 28 and May 4, 2004 letters constituted a notice of claim pursuant to section 23 of the parties’ contract is unavailing (see e.g. Bat-Jac Contr. v New York City Hous. Auth., 1 AD3d 128, 129 [1st Dept 2003]). The April 28 letter merely stated that plaintiff would forward an estimate for the increased cost due to the change from ceramic tiles to glazed structural brick; however, section 23 (a) requires that a notice of claim state the “amount of the extra cost.” Although *451 plaintiffs May 4 letter stated the amount of the extra cost, it was “not designated as a notice of claim” (Bat-Jac, 1 AD3d at 129; see also Everest Gen. Contrs. v New York City Hous. Auth., 99 AD3d 479, 479-480 [1st Dept 2012]), and instead was a change order form requiring defendant to accept and approve the change by signing it. Defendant’s signature does not appear on the May 4 letter.
Even assuming that plaintiffs letters constitute a notice of claim, the release plaintiff signed bars this action (see e.g. Northgate Elec. Corp. v Barr & Barr, Inc., 61 AD3d 467, 468 [1st Dept 2009]).
We decline to consider the argument, raised for the first time in plaintiffs appellate reply brief, that sections 8, 22, and 23 are inconsistent, creating ambiguity and indefiniteness (see e.g. Shia v McFarlane, 46 AD3d 320, 321 [1st Dept 2007]). We also decline to consider plaintiff’s fact-based waiver and estoppel arguments, raised for the first time on appeal (see e.g. Mount Vernon Fire Ins. Co. v William & Georgia Corp., 194 AD2d 366, 367 [1st Dept 1993]).
We have considered plaintiffs remaining arguments and find them to be without merit. Concur—Gonzalez, EJ., Tom, Sweeny, Renwick and Richter, JJ.